Good morning and may it please the court. My name is Josh Cohen and I represent appellant Donald Jones. I'd like to reserve two minutes for rebuttal if I could please. The case against Donald Jones was an unusual one. Donald Jones was charged with possessing cocaine for distribution and he was charged with possessing a firearm but he was not charged by the government with possessing the firearm in furtherance of the distribution of cocaine. Moreover the district court found that the firearm that was recovered from Mr. Jones' car was so far attenuated from the cocaine that the gun was excluded from evidence in the portion of the trial that was devoted to the cocaine charge. The court's instinct in separating the gun and the drug counts was the correct one. The problem was that So you got bifurcation rather than severance. Precisely, Your Honor. And the problem was that under the fact, the specific facts of this case that did not go far enough to protecting Mr. Jones' rights to be free from the risk of spillover prejudice from the cocaine count in this case. In the Nguyen case, this court held that either bifurcation or severance was an acceptable alternative to joining a gun count with other substantive counts. The court did not give any clarification to lower courts as to whether bifurcation or severance should be preferred in any particular case. I think that the facts of Mr. Jones' case demonstrate that there is a certain narrow class of cases in which bifurcation and severance are not interchangeable. And I think, therefore, that when the government suggests that this court would have to overrule Nguyen in order to accept Mr. Jones' position, that's not correct. Actually, it would be simply a clarification of Nguyen, making clear that there And I think that that position is supported by this court's case, this court's holding in the Terry case, which is cited in our briefs. In Terry, this court held that the joinder of drug and gun counts was improper because it was highly probable that characterizing the defendant as a drug dealer would materially impact the jury's ability to fairly evaluate the gun count. Terry didn't involve the exact issue here, which is bifurcation versus severance, but I think that given the court's concern that there would be this damage to the jury's ability to fairly evaluate the gun count, I think that it's fair to infer that the court would not have approved of a mere bifurcation in that case. I'm kind of seeing your argument maybe the flip way. If they knew about the gun, it might be more likely you'd say they're a drug dealer, as opposed to on the gun, you still have to go through the elements of that in terms of possession and all of that, correct? I think that's exactly right. I mean, the elements of that really go more to not so much who you are, but where you are relative to the weapon, what sort of dominion and control you exercise over the area where the weapon's found. So to me it makes it harder for you to show prejudice in the order that you got, as opposed to, say, if you'd done the gun first and then you do the drugs. Well, Your Honor, I think that the problem is that in this case there was no evidence of the gun that was connected with the drug charge. Had this been a situation where the jury had received evidence in connection with the drug case of the possession of the gun, such that the only issue that was left for the jury was the narrow one of whether Mr. Jones had a prior felony conviction, in that case I think bifurcation would have been perfectly adequate. It would have been merely a matter of submitting a stipulation to the jury that said Mr. Jones was previously convicted of a felony. I'm still having a hard time seeing how this case differs from the Nguyen case. Well, the Nguyen case, Your Honor, was a case in which there was a 922G charge and there was a charge of unlawful transfer of an unregistered shotgun. And so in that case bifurcation would have been adequate for exactly the reason I was just mentioning, which is that the jury had to receive evidence of knowing possession of the gun in connection with the other substantive count. When they were ruling on whether he unlawfully transferred an unregistered shotgun, they obviously knew that he had a gun. And therefore, the issue that would be before the jury in Phase 2 of that trial was simply did he have a prior conviction. But that's not really the test in terms of that we employ to decide whether this was error or not, correct? The test is whether it was an abuse of discretion in the sense that it deprived the defendant of a fair trial. All right. But what are the factors that we look at? This court in both Moorhead and Terry considered the impact on the jury's ability to fairly evaluate the evidence in light of what they knew about the defendant's dealings with drugs. But it seems to me the two factors are whether the defendant has been prejudiced by the consolidation of a felon in possession with the other when you're looking at Wynn and the unrelated charges and the strength of the evidence, right? Correct, Your Honor. Correct. And that's exactly- So a prejudice in strength of the evidence, essentially, is what we're looking at. Correct. Now, didn't the district court here give a limiting instruction? At our request, yes, Your Honor, they did. The court did give a limiting instruction. At that point, the severance having been denied, we certainly wanted to limit the danger to the jury from that spillover prejudice, and thus we requested a limiting instruction. But this court has recognized in Lewis that under circumstances similar to these, a limiting instruction may not be enough. When the evidence is of this nature, of a prior conviction, and particularly a prejudicial prior conviction, as Moorhead and Terry acknowledge, it's not enough simply to give a limiting instruction. Judge Callahan, your question, yes, it is an issue of whether there's prejudice, and that's what Moorhead and Terry speak to. A jury cannot segregate knowledge that they have about the fact that a defendant is a drug dealer in deciding whether he's guilty of this offense. As to the evidence, there was evidence that the government put on that Mr. Jones had this car registered to him and that there were bullets in the gun that matched the type of bullets that were found in his closet. Both of those issues were contested at trial, however. It was one of many cars that he had, and the evidence was that Mr. Jones had recently purchased that car at a lean sale and had it for sale again. Also, the evidence that was presented by the officers was that that kind of ammunition was, in fact, among the most common that is available. But what do they have to know? They also have to know that he's convicted of a prior felony, too? The jury? Yes. Yes. And that's the issue. If that were the only issue that the jury had to decide in Phase 2, absolutely. Bifurcation is sufficient. It's only because they also had to make findings on whether he knowingly possessed the firearm. But they have to know he's a felon, though, right? I mean... In order to convict on 922G. Yes. Sure. And so how much worse is it that he's a drug dealer? According to this Court's precedents in Moorhead and Terry, significantly worse. Significantly worse. You know, the fact that in this case, I mean, there was an admission, right, that was admitted into evidence at the second part of the trial that, in effect, you know, he admitted that he knowingly possessed a firearm. In light of that admission, how prejudicial could it have been, you know, that the jury had this knowledge, as you say, that he was a drug dealer? It's a very fair question. There was evidence that was presented through the testimony of one of the officers that subsequent to being Mirandized, Mr. Jones said, I have this gun for protection. There was no tape recording or transcript that was introduced to the jury, and Officer DeJesus on cross-examination had quite a bit of trouble, I would submit, remembering various other salient details about that conversation. So that testimony was introduced. I don't think it forecloses a finding of prejudice. Do you want to reserve the balance? May I, please? Yes. Thank you. Good morning, Your Honor. Erica Frick on behalf of the United States. May it please the Court. Since the focus has been on the severance issue, in this case, the defendant actually received more protection from the trial court than he was probably entitled to. First of all, under the Wen case, there were actually two firearm offenses and the issue was whether the prior conviction, the prior convictions being the focus of most of these severance cases in the felon and possession context, which the defendant is relying on. But in any event, in this case, the district court employed bifurcation. That's the remedy that at most is required under Wen. Wen involved two firearm offenses, and the prior conviction was for a firearm offense. So if anything, there was more prejudice there, whereas here they were claiming prejudice from an unrelated type of charge. In addition to that, the district court in the drug portion of the trial excluded evidence of the firearm. Now, this was going above and beyond the call of duty. That's neither here nor there, is it? I mean, he's not complaining about the first part of the trial. I'm sorry. That's neither here nor there, is it? He's not complaining about the first part of the trial. Well, as to the second part of the trial. It doesn't make any difference how careful the district judge was or careless in the first part, I don't think, on this issue. I'm sorry, Your Honor. I understood him to be complaining about both. But as to the second trial on the firearm, then as Judge Callahan was saying, we would look at the two factors there, one of which is whether he was prejudiced. And I would argue he certainly was not prejudiced. Because, first of all, all drug evidence was excluded from the second trial. Well, except that the jury knew about it. They did, but then there was a limiting instruction, saying put this right over, you know, it's sort of like there's an alligator in the bathtub, but don't worry about that when you're shaving in the morning or something. Well, this is true, but this court has regularly held that we can follow their limiting instructions. But in addition to that, the focus, the defendant's focus is just wrong. In these felon and possession severance cases, the focus is not on whether there's a drug issue as well. Drug and firearm cases are regularly tried together and often the evidence is relevant in both directions. What's usually at issue in these cases is there's a prior conviction and that's the court's concern. That's where the prejudice comes in. Now, in the second trial here, this was a felon and possession issue, so there was no avoiding. It's one of the elements of the crime. Right. So you have to prove that. Right. And there is no case law support for the rather novel argument the defendant's making, which is not based on prejudice from the prior conviction, but just from evidence of the other offense that he's being tried on at this time. Well, you say it's a strong case. He's saying it's not quite as strong as it looks. What's your position on that? Because obviously the strength of the evidence is a factor we have to look at. Right. Well, I think the evidence here was extremely strong and that it didn't rely exclusively on the testimony of the officers at all. In fact, the strength of the case was made stronger by the witnesses that he tried to use to exculpate himself, which was Tracy Hudson and LaShawn Mosby. Tracy Hudson's testimony showed that after she confronted him about or after the police had arrested him, his response to her concern about the drugs in her house was that he had relapsed. Now, she eventually tried to, you know, cut that up and just say that only went to the marijuana issue, but in fact there was other testimony there about the fact that he had lost weight and indicating a cocaine relapse, not a marijuana relapse. And in addition, there's the striking absence of any reaction on his part at the time he was arrested or in his response to his fiancée saying that he didn't know why the drugs were there. There's nothing like that. And then later you have this canned testimony coming in from LaShawn Mosby. Well, when we're looking at the strength of the evidence, though, aren't we looking at the strength of the evidence on the gun charge? On the gun charge, yes. Because when you're assessing prejudice, it has to be, we're not talking about the strength of the cocaine case. So that, am I wrong? Yes, yes. No, you're right, Your Honor. I was focusing. Sometimes I wonder if I'm in the same place. Yes, yes. On the second trial, there's actually an admission. At every rate, I think what counsel was saying is that the officer, it wasn't, you know, there wasn't a tape recording for the jury to listen to and perhaps the officer, you know, had some lapses in his memory. Did the defendant ever retract that? No. He didn't testify, right? He did not testify. And there's no evidence to contradict his admission that he had the firearm in the car for his protection and there was, unlike on the drug charge where there was this witness, LaShawn Mosby, there's no, there's absolutely no rebuttal evidence at all about the firearm belonging to somebody else. They did say that maybe this car had been sold, but there was no actual tangible or intangible evidence that somebody else had planted the gun. And then there was evidence of the ammunition, right? And then there was also the evidence of the ammunition from the initial search. Which is one of the contested issues here. But, I mean, there was that evidence. Right. That's right, Your Honor. So essentially, I think that the focus of the defendant's severance inquiry is on the wrong issue and basically that there's uncontroverted evidence on the second part, which is the firearm, which if that is the focus, I had read it as being as to both trials, but if the focus is on the second one, then I think there's both no prejudice to the defendant and overwhelming evidence on that count. If there are no further questions, Your Honor. There don't appear to be further questions. I think government counsel hit the nail on the head when she said that drug and firearm cases are regularly tried together and that doesn't typically pose a problem. That's what makes this case different, is that this was a case in which the drug and the firearm cases were not tried together. The government did not allege that the gun was used in connection with the cocaine. The judge recognized that the gun was so attenuated that it did not belong in the same case as the cocaine. And that's the reason. I hope that the Court understands that's exactly the reason that we think that bifurcation was not sufficient in this case to safeguard Mr. John's rights. It is a prior issue. The reason that we asked for it in the first place. But bifurcation and severance are different. So just because the judge says bifurcation is appropriate, you don't just win on severance? No, Your Honor. Under Nguyen, either bifurcation or severance would appear to be an acceptable alternative. The question is whether there's a class of cases in which they're not interchangeable. And here, because the gun did not come in in Phase 1 at all, and it was an entirely separate trial for all intents and purposes on the gun, the spillover prejudice from the cocaine count as recognized by this Court in Terry and Moorhead was damaging. Very briefly, just to call your attention to one matter in the search issue, and that is that there is no evidence in the record before the District Court that would support an assumption that just because there was cocaine in the house, that you can assume that drug dealers will store similar materials in a car, and therefore that that would support a search of the car. That seems to be the government's position in its briefs. There was no evidence on that point before the District Court. All right, thank you. This matter will now stand submitted. Keep going. All right, we'll call the next matter of the United States of America versus Marnie and Burt, Case No. 04-10240. Good morning. Good morning, Your Honors. John Crossman appearing for Ms. Burt, and I...
judges: Bright, Tashima, Callahan